IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT OROZCO, | CV F 02-5304 AWI DLB P |
| Plaintiff, | ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED |
| v. | ORDER VACATING SECOND SCHEDULING ORDER'S REQUIREMENT THAT DEFENDANT FILE A PRETRIAL STATEMENT BY APRIL 25, 2005 AND VACATING MAY 2, 2005 TELEPHONIC TRIAL CONFIRMATION HEARING |
| MARK DAWSON, | |
| Defendant. | |

Plaintiff Albert Orozco is a state prisoner proceeding pro se with a civil action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On March 22, 2005, the Magistrate Judge issued a Second Scheduling Order. This order set trial in this matter for June 7, 2005 and a telephonic trial confirmation hearing for May 2, 2005. In this order, the Magistrate Judge ordered Plaintiff to file his pretrial statement by April 15, 2005 and Defendant to file his pretrial statement by April 25, 2005. The Second Scheduling Order was served at the address Plaintiff provided this court. However, it was returned with notification that Plaintiff is no longer there. Service at the last address provided by Plaintiff is sufficient. See Local Rule 83-183.

1    Plaintiff has not filed a pretrial statement or otherwise contacted the court since the
2 Magistrate Judge issued the Second Scheduling Order.
3    Local Rule 11-110 provides that "a failure of counsel or of a party to comply with these
4 Local Rules or with any order of the Court may be grounds for the imposition by the Court of any
5 and all sanctions . . . within the inherent power of the Court." District courts have the inherent
6 power to control their dockets and "in the exercise of that power, they may impose sanctions
7 including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d
8 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's
9 failure to prosecute an action or failure to obey a court order. See, e.g., Ghazali v. Moran, 46
10 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with Local Rule); Ferdik v. Bonzelet,
11 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with court order);
12 Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and
13 failure to comply with Local Rules). In this action, Plaintiff has not complied with the court's
14 order to file a pretrial statement. This action cannot proceed to trial until Plaintiff files a pretrial
15 statement.
16    Accordingly, the court ORDERS that:
17 1.  By May 13, 2005 Plaintiff SHALL file a brief with the court in which Plaintiff SHOWS
18     CAUSE why this action should not be dismissed for Plaintiff's failure to prosecute;
19 2.  The Second Secluding Order's requirement that Defendant file a pretrial statement by
20     April 25, 2005 is VACATED;
21 3.  The Telephonic Pretrial Conference, currently set for May 2, 2005, is VACATED; and
22 4.  Plaintiff is forewarned that failure to respond to this order will result in the dismissal of
23     this action.
24 IT IS SO ORDERED.
25 **Dated:   April 20, 2005**          **/s/ Anthony W. Ishii**
   0m8i78                    UNITED STATES DISTRICT JUDGE

2