# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT OROZCO, | CV F 02-5304 AWI DLB P |
| Plaintiff, | ORDER DISMISSING ACTION |
| v. | |
| MARK DAWSON, | ORDER VACATING JUNE 7, 2005 TRIAL AND ALL OTHER DATES. |
| Defendant. | |

Plaintiff Albert Orozco is a state prisoner proceeding pro se with a civil action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On March 22, 2005, the Magistrate Judge issued a Second Scheduling Order. This order set trial in this matter for June 7, 2005. In this order, the Magistrate Judge ordered Plaintiff to file his pretrial statement by April 15, 2005. The Second Scheduling Order was served at the address Plaintiff provided this court. However, it was returned with notification that Plaintiff is no longer there.

On April 21, 2005, the court ordered Plaintiff to file a brief by May 13, 2005 in which Plaintiff showed cause why this action should not be dismissed for Plaintiff's failure to prosecute. The order to show cause served at the address Plaintiff provided this court was returned with notification that Plaintiff is no longer there. Service at the last address provided by Plaintiff is sufficient. See Local Rule 83-183.

Plaintiff has failed to respond to the court's order to show cause, failed to file a pretrial statement, and failed to contact the court.

Local Rule 11-110 provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with Local Rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with Local Rules).

In this action, Plaintiff has not complied with the court's order to file a pretrial statement and order to show cause.  This action cannot proceed to trial until Plaintiff files a pretrial statement.   The court cannot manage its docket if it maintains cases in which a plaintiff fails to file a pretrial statement and respond to court orders.  The public's interest in the expeditious resolution of litigation weighs heavily in favor of dismissal of such cases so that the court's limited resources may be spent on cases in which the litigant is actually proceeding.  Public policy favoring disposition of cases on their merits also has little or no weight in actions where the plaintiff lacks enough of an interest to contact the court and respond to court orders.  The public and the court have no interest in determining the truth or falsity of the allegations that Plaintiff might raise at trial if Plaintiff never files a pretrial statement or prepares for trial.  The availability of less drastic sanctions has been considered, but given that Plaintiff refuses to contact the court, the court has no effective sanction but to close the case.  The court expressly warned Plaintiff that failure to file a response to the order to show cause would result in this

action's dismissal.  Finally, the risk of prejudice to Defendants also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).

Accordingly, the court ORDERS that:

1. All dates in this action, including the June 7, 2005 trial date, are VACATED; and
2. This action is DISMISSED for Plaintiff's failure to prosecute.

IT IS SO ORDERED.

**Dated:   May 17, 2005**            **/s/ Anthony W. Ishii**
0m8i78                                          UNITED STATES DISTRICT JUDGE